IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHERRY WALKER                                                                          PLAINTIFF

vs.                            Civil No. 6:12-cv-06022

MICHAEL J. ASTRUE                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Before this Court is Defendant's Motion to Dismiss for Lack of Jurisdiction. ECF No. 7. Defendant filed this Motion on May 17, 2012 and seeks to have Plaintiff's case dismissed because she did not exhaust her administrative remedies prior to filing suit. *Id.* Plaintiff has not responded to this Motion, and the deadline for her response was June 5, 2012. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, this Court enters this Memorandum Opinion.

**1.**     **Background**

On February 1, 2012, Plaintiff filed her Complaint in this matter. ECF No. 1. Plaintiff brought this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("SSA") denying her request for disability benefits.

Thereafter, on May 17, 2012, Defendant filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 7. With this Motion, Defendant claims Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust her administrative remedies prior to the filing this case. *Id.* Specifically, Defendant claims no administrative hearing has been held in Plaintiff's case. *Id.* Because no

administrative hearing has been held, Defendant claims Plaintiff has failed to exhaust her administrative remedies. *Id.* Plaintiff has not responded to this Motion, and the time to respond has expired. *See* Local Rule 7.2.

**2.    Discussion**

The subject matter jurisdiction of this Court is based upon 42 U.S.C. § 405(g). Pursuant to this provision, an individual may only appeal a "final decision of the Commissioner of the Social Security" which is "*made after a hearing* to which he [the individual] was a party." (emphasis added). In this case, it is undisputed Plaintiff has not been a party to an administrative hearing addressing the SSA's denial of her request for disability benefits.

Thus, the decision by the SSA is not "final," and this Court does not have jurisdiction over this case. *See Sheehan v. Sec'y of Health, Ed. & Welfare,* 593 F.2d 323, 325 (8th Cir. 1979) (noting that the U.S. Supreme Court has specifically held that federal courts can only review the decisions of the SSA in accordance with 42 U.S.C. § 405(g)) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)). Indeed, this Court cannot ignore the exhaustion requirement even if the failure to exhaust was not intentional. *Id.* Based upon these laws, this Court is simply without the authority to remand Plaintiff's case to the ALJ for further administrative review.

**3.    Conclusion**

Based on the foregoing and because Plaintiff failed to exhaust her administrative remedies prior to filing this case, this Court does not have subject matter jurisdiction over this case under 42 U.S.C. § 405(g). As such, Plaintiff's case is dismissed without prejudice.

**ENTERED this 10th day of July 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE